AMUND O. ROYCE *vs.* JAMES M. GRAY & others.

Feb. 24, 1875.

Justice's Court—Complaint on Promissory Note—Amendment.—In an action commenced in a justice's court, upon a promissory note, the complaint was insufficient, because it did not show that defendants made the note, or that plaintiff was the lawful owner or holder thereof. Upon the trial, plaintiff, without objection on the part of the defendants, (who had withdrawn their answer,) introduced in evidence, and delivered to and filed with the justice, a promissory note, executed by defendants as makers to plaintiff as payee, and otherwise answering the description of the note particularly described in the complaint. *Held,* that as the complaint contains a sufficient statement of the sum due plaintiff from defendants, which sum plaintiff claims to recover, the delivery of the note to the justice may properly be treated as an amendment of the original complaint, the effect being to make a good complaint in accordance with §§ 33, 28, ch. 65, Gen. Stat.

Appeal by defendant from a judgment of the district court for Otter Tail county, *McKelvey,* J., presiding, affirming a judgment of a justice of the peace, from which an appeal had been taken to the district court on questions of law alone.

*Hatch & Williams,* and *Wright & Mason,* for appellants.

*E. E. Corliss,* for respondent.

BERRY, J. This action was commenced before a justice of the peace. The complaint filed by the plaintiff, upon the return day of the summons, evidently attempts to declare

upon a promissory note, but fails to state *facts* constituting a cause of action thereon against defendants, because it does not show that defendants made the note, or that plaintiff is the lawful owner or holder thereof.

Upon the trial, however, the plaintiff, without objection on the part of defendants, (who had withdrawn their answer,) introduced in evidence, and delivered to and filed with the justice, a promissory note, executed by defendants as makers to plaintiff as payee, and otherwise answering the description of the note particularly described in the complaint. As the complaint contains a sufficient statement of the sum due the plaintiff from the defendants upon the note, which sum plaintiff claims to recover, we are of opinion, in view of the charity of construction usually extended to proceedings in justices' courts, that the delivery of the note to the justice may properly be treated as an amendment of the original complaint, the effect of which is to make a good complaint in accordance with §§ 33, 28, ch. 65, Gen. Stat. The former section provides that, in a justice's court, "the pleadings may be amended at any time before the trial, or during the trial, to supply any deficiency or omission in the allegations necessary to support the action or defence;" the latter, that when "the cause of action * * arises * * upon an instrument for the payment of money only, it is sufficient for the party to deliver * * the instrument to the court, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims to recover."

Judgment affirmed.